WILLIAM L. BERRY, plaintiff in error v. JOHN P. WILKIN-SON and ELIHU WOLCOTT, defendants in error.

*Error to Morgan.*

Reasonable notice must be given to the adverse party, of a motion for a change of venue.

The length of time necessary to constitute reasonable notice, will in some degree depend upon the peculiar circumstances of each particular case, and must necessarily be left to the legal discretion of the judge or court to which the application is made.

THIS writ of error was brought to reverse a decision of the Hon. Samuel D. Lockwood, made at the October term, 1834, of the Morgan Circuit Court.

M. McCONNELL, for the plaintiff in error.

WM. THOMAS, for the defendants in error.

WILSON, Chief Justice, delivered the opinion of the Court:

On the third day of the last October term of the Morgan Circuit Court, the plaintiff in error gave notice to the plaintiffs below, the defendants in error, that he would apply to the Court for a change of venue in this cause, and several days afterwards he made the application, founded upon an affidavit setting forth that the plaintiffs had an undue influence over the minds of the inhabitants of Morgan county, and that the inhabitants of said county were prejudiced against him, so that he did not expect a fair trial in that county. The Court overruled the application for a change of venue. To which opinion the plaintiff in error excepts, and assigns the refusal of the Court to grant his motion, as the ground for the reversal of this case.

The statute that authorizes a change of venue for causes therein enumerated, requires that *reasonable* notice of an application to the judge or court for such purpose, shall be given to the adverse party, or his attorney. The length of time necessary to constitute reasonable notice, will in some degree depend upon the peculiar circumstances of each particular case, and must necessarily be left to the legal discretion of the judge or court to which the application is made. In this case, the Court in the exercise of that discretion, decided the notice to be insufficient; and we are not satisfied that the decision is not warranted by the circumstances of the case. For aught that appears in the petition, the existence of the prejudice of which the defendant below complains, may have been known to him for months before the term. If such was the fact, and it may be inferred from the contrary not being averred, the Court might very properly say that notice during the term of the Court, after the plaintiffs had incurred the

expense of a preparation for trial, was not such reasonable notice as the statute contemplated.(1)

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*

(1) See note to the case of Clark *v.* The People. *Ante* 117.